IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                    Case Nos.:   1:15cr28/MW/GRJ
                                                    1:17cv130/MW/GRJ

SHAKAYLA NICOLE TAYLOR

---

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the court upon Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" and Memorandum of Law in Support thereof (ECF No. 135) and the Government's Response thereto. (ECF No. 153.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b). After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules 8(a) and (b) Governing Section 2255 Cases.

# I.  BACKGROUND

On November 17, 2015, a grand jury returned a three-count indictment charging Petitioner and co-defendant Curtis Kennedy Williams for their roles in abducting the mother of Williams' child. (ECF No. 1.) Count One charged Petitioner with kidnapping and transporting a person in interstate commerce, in violation of Title 18, United States Code, Sections 1201(a)(1) and 2. Count Two charged Petitioner with possessing and discharging a firearm in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2. Petitioner was not charged in Count Three. On December 15, 2015, Petitioner was arraigned on the charges, and the Court appointed attorney Stephen Bernstein to represent her. (ECF Nos. 14, 15, & 21.)

Petitioner pleaded guilty to Count One pursuant to a plea bargain agreement in exchange for the Government's promise to dismiss Count Two and to refrain from filing additional charges arising from the kidnapping. (ECF Nos. 60-65.) On September 26, 2016, United States District Judge Mark E. Walker sentenced Petitioner to seventy-two months of imprisonment, a four-year term of supervised release, and a $100

special monetary assessment. (ECF No. 86.) Petitioner did not appeal her

conviction to the Eleventh Circuit Court of Appeals. On May 18, 2017,

Petitioner filed the instant Motion pursuant to § 2255, asserting eighteen

grounds for habeas relief.

## II.  ANALYSIS

### *A. General Legal Standard*

Collateral review is not a substitute for direct appeal, and therefore

the grounds for collateral attack on final judgments pursuant to Section

2255 are extremely limited. A prisoner is entitled to relief under Section

2255 if the court imposed a sentence that: (1) violated the Constitution or

laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the

maximum authorized by law, or (4) is otherwise subject to collateral attack.

*See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8

(11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for

transgressions of constitutional rights and for that narrow compass of other

injury that could not have been raised in direct appeal and would, if

condoned, result in a complete miscarriage of justice.'" *Lynn v. United*

*States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The

"fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a Section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under Section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under Section 2255 is not a substitute for

direct appeal, issues which could have been raised on direct appeal are generally not actionable in a Section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a Section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, a court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court

must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to

be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218

F.3d at 1314. When reviewing the performance of an experienced trial

counsel, the presumption that counsel's conduct was reasonable is even

stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d

at 1316 n.18.

> With regard to the prejudice requirement, a defendant must establish

that, but for counsel's deficient performance, the outcome of the

proceeding would have been different. *Strickland*, 466 U.S. at 694. "The

likelihood of a different result must be substantial, not just conceivable."

*Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*, 466 U.S.

at 693). For a court to focus merely on "outcome determination," however,

is insufficient; "[t]o set aside a conviction or sentence solely because the

outcome would have been different but for counsel's error may grant the

defendant a windfall to which the law does not entitle him." *Lockhart v.

Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*,

611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish

"that counsel's errors were so serious as to deprive the defendant of a fair

trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting

*Strickland*, 466 U.S. at 687).

To establish ineffective assistance, Defendant must provide factual

support for his contentions regarding counsel's performance. *Smith v.*

*White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory

allegations of ineffective assistance are insufficient to satisfy the *Strickland*

test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34

(11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir.

2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson*

*v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941

F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899

(11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles

and presumptions set forth above, "the cases in which habeas petitioners

can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at

1313. This is because the test is not what the best lawyers would have

done or even what most good lawyers would have done, but rather whether

some reasonable lawyer could have acted in the circumstances as defense

counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d

1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518

F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### B. Procedural Bar and Waiver of Pre-Plea Claims

As a preliminary matter, the Court finds that all of Petitioner's claims for relief, with the exception of her claims alleging jurisdictional defects and

ineffective assistance of counsel, are procedurally barred. Petitioner could have but failed to raise these claims on direct appeal and has not demonstrated cause or actual prejudice. Further, by entering a knowing, voluntary, and intelligent guilty plea on the advice of competent counsel, Petitioner has waived all nonjurisdictional challenges to her conviction.[1] *Franklin v. United States*, 589 F.2d 192, 194 (5th Cir. 1979); *United States v. Reynolds*, 215 F.3d 1210, 1215 (11th Cir. 2000). In an effort to liberally construe the Petitioner's pro se Motion, however, this Court will nevertheless address Petitioner's barred claims on the merits.

### C. Petitioner's Ground One

In her first ground for relief, Petitioner asserts her conviction was obtained by the use of a coerced confession.

The Fifth Amendment and the Due Process Clause of the Fourteenth Amendment prohibit the Government's use of involuntary confessions. *See*

---

[1] A guilty plea, however, does not waive the right of an accused to challenge the constitutionality of the statute under which he is convicted. *Askew v. Alabama*, 398 F.2d 825, 826 n.1 (5th Cir. 1968) (citations omitted). Rather, the waiver extends only to violations of those procedural rights guaranteed by due process which are incident to the criminal investigation and prosecution.

*Dickerson v. United States*, 530 U.S. 428, 433 (2000). To determine whether a confession is voluntary, the Court evaluates the totality of the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 225-26 (1973).

Here, however, Petitioner provides no facts evidencing that her confession was a product of coercion. She does not identify to whom she confessed, under what circumstances she confessed, or in what way she was coerced to do so. Petitioner's threadbare and conclusory allegations of a constitutional violation are insufficient to warrant habeas relief. Moreover, Petitioner's voluntary guilty plea waived challenges to constitutional violations occurring prior to the entry of the guilty plea, including a coerced confession. Accordingly, Petitioner's Ground One is procedurally barred, waived by the entry of her voluntary guilty plea, and meritless.

### D. Petitioner's Ground Two

In Ground Two, Petitioner asserts, again with no factual support, that she was denied effective assistance of counsel because her attorney failed to present an aggressive defense.

The Constitution does not mandate an aggressive defense, rather, it mandates that counsel's performance fall within the wide range of

objectively reasonable professional assistance. Petitioner fails to explain what counsel did or failed to do that resulted in deficient performance, or how her counsel's alleged lack of aggression prejudiced her defense. Without any factual support, Petitioner falls woefully short of establishing ineffective assistance under *Strickland.* Accordingly, Ground Two is due to be denied.

### E. Petitioner's Ground Three

In Ground Three, Petitioner asserts her conviction was obtained pursuant to an ex post facto law.

The Ex Post Facto Clause forbids Congress and the states from enacting "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *United States v. W.B.H.*, 664 F.3d 848, 852 (11th Cir. 2011), quoting *Weaver v. Graham*, 450 U.S. 24, 28 (1991).

Petitioner was convicted of kidnapping in violation of Title 18, United States Code, Sections 1201(a)(1) and (2). The statute has been in existence since 1948 and was last amended by the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, Title II, § 213, on

July 27, 2006. The abduction giving rise to Petitioner's kidnapping conviction occurred on October 19, 2015. *See* ECF No. 62. Petitioner's conduct was punishable at the time it was committed, therefore, she was not convicted pursuant to an ex post facto law. Moreover, Petitioner provides no argument as to why the statute under which she was convicted is considered an ex post facto law. Ground Three is meritless.

### F. Ground Four

In Ground Four, Petitioner challenges her conviction on the ground that her arrest warrant was not supported by probable cause.

Petitioner was arrested after a federal grand jury returned an indictment charging her with kidnapping. When an arrest warrant is based upon an indictment, the grand jury's determination that probable cause existed to return the indictment also establishes that probable cause existed for the issuance of an arrest warrant for the person charged. *Garmon v. Lumpkin Cty., Ga.*, 878 F.2d 1406, 1409 (11th Cir. 1989). Petitioner provides no supporting facts or argument as to why probable cause was lacking. Thus, not only is Ground Four procedurally barred and waived by the entry of Petitioner's voluntary guilty plea, it finds no support

Case Nos.: 1:15cr028/MW/GRJ; 1:17cv130/MW/GRJ

in the record and must be denied.

### G. Ground Five

In Ground Five, Petitioner asserts her guilty plea was involuntary because she did not understand the nature of the charge against her and the consequences of the plea. She further asserts that the plea bargain agreement is not binding because the Constitution's Contract Clause prohibits the government from entering into a "treaty, alliance, or confederation." (ECF No. 135 at 13.)

Petitioner's Ground Five has no merit. The record reflects Petitioner entered into a written plea bargain agreement in which she stated she was pleading guilty knowingly, voluntarily, and upon the advice of counsel. (ECF No. 60 at 6.) Additionally, Petitioner engaged in a Rule 11 plea colloquy with the Court during which she was admonished of the charges against her and the potential consequences of pleading guilty, including the range of punishment she faced. (ECF No. 152 at 12-14.) She confirmed to the Court that she understood and stated that she was pleading guilty freely and voluntarily. *Id.* at 22-23. There is a complete lack of evidence suggesting Petitioner's guilty plea was involuntary.

The Contract Clause limits the power of the States to modify their own contracts as well as to regulate those between private parties. *U.S. Trust Co. of New York v. New Jersey*, 431 U.S. 1, 17 (1977) (citations omitted); U.S. CONST. art. 10, § 1. The Federal Rules of Criminal Procedure expressly permit an attorney for the government and a defendant's attorney, or the defendant when proceeding pro se, to reach a plea agreement. *See* Rule 11(c). Moreover, a plea of guilty is constitutionally valid if it is voluntary and intelligent. *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015) (citations omitted). Petitioner's plea agreement did not run afoul of the Constitution. Ground Five has no merit.

### H. Ground Six

Petitioner next asserts counsel was ineffective for failing to file a timely notice of appeal. Although under some circumstances counsel's failure to follow a defendant's specific instructions to file an appeal can constitute ineffective assistance of counsel, *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), here, Petitioner does not allege she ever instructed counsel to file an appeal, nor does she provide any additional factual support for her claim. Petitioner's conclusory allegation of ineffective assistance of counsel

is insufficient to warrant relief under *Strickland*.

### I. Ground Seven

In Ground Seven, Petitioner asserts her conviction was obtained by "wrong legal status." (ECF No. 135 at 14.) Petitioner provides no factual support for her claim. Instead, she cites various general legal rules regarding discrimination and equal protection, without explaining how her individual rights were violated as a result of her conviction. Ground Seven is procedurally barred, waived by the entry of Petitioner's voluntary guilty plea, and is too vague and conclusory to warrant habeas relief.

### J. Ground Eight

In Ground Eight, Petitioner alleges her conviction was obtained by an unconstitutionally selected grand jury. She asserts that the "information given to the Grand Jurors was contaminated and corrupt from third party individuals which was unconstitutional." (ECF No. 135 at 14.)

It is well-established that grand jury proceedings carry a "presumption of regularity." *Hamling v. United St*ates, 418 U.S. 87, 139 n. 23 (1974). Such a presumption may be dispelled "only upon particularized proof of irregularities in the grand jury process." *United States v. Mechanik*, 475

U.S. 66, 75 (1986) (emphasis added). Petitioner fails to specify what information was furnished to the grand jurors, who furnished it, why it was "contaminated," and how the information rendered the grand jury process unconstitutional. Petitioner provides no allegation—let alone proof—of grand jury irregularities. Petitioner's Ground Eight is procedurally barred, waived by her voluntary plea of guilty, and without merit.

### K. Ground Nine

In Ground Nine, Petitioner alleges her conviction was obtained in violation of her right against self-incrimination because "to obtain a confession exposing herself to prosecution is a violation of the accused's Fifth Amendment right." *Id.*

The Fifth Amendment protects individuals from forced self-incrimination, however, "a suspect may waive his right to remain silent after being properly advised of it, provided he does so 'voluntarily, knowingly and intelligently.'" *United States v. Farley*, 607 F.3d 1294, 1326 (11th Cir. 2010), quoting *Miranda v. Arizona*, 384 U.S. 436, 444, 460-61 (1966). Thus, the mere fact that law enforcement obtained a confession from Petitioner does not, by itself, establish a violation of Petitioner's Fifth

Amendment rights, and Petitioner does not allege facts demonstrating her confession was the product of coercion. Not only is Ground Nine procedurally barred and waived by the entry of her voluntary guilty plea, it fails to state a claim for habeas relief.

### L. Ground Ten

In Ground Ten, Petitioner simply alleges "denial of bail." The Eighth Amendment to the Constitution does not guarantee a right to bail, however, it does guarantee that any bail imposed "not be 'excessive' in light of the perceived evil." *Campbell v. Johnson*, 586 F.3d 835, 842 (11th Cir. 2009), quoting *United States v. Salerno*, 481 U.S. 739, 754 (1987). Petitioner provides no details as to when and under what circumstances she was denied bail. In the absence of greater specificity, the Court is unable to determine whether Petitioner's bail was excessive. Ground Ten is too vague and conclusory to warrant relief.

### M. Ground Eleven

In Ground Eleven, Petitioner alleges she was denied her constitutional right to a jury trial.

The Sixth Amendment to the Constitution guarantees an accused's

right to a jury trial in a criminal case. U.S. CONST. AMEND. VI. During her

plea colloquy, the Court explained to Petitioner her right to a trial by jury,

but Petitioner explicitly waived her right on the record. (ECF No. 152 at 8-

10.) Plaintiff provides no factual support as to the circumstances under

which she was allegedly denied this right. Plaintiff's claim is procedurally

barred, waived by her voluntary guilty plea, and without merit.

### *N. Ground Twelve*

In Ground Twelve, Petitioner alleges she was convicted in the "wrong

jurisdiction/venue" because the Constitution recognizes only three areas of

jurisdiction in which the courts may operate: common law, equity law, and

maritime and admiralty/maritime law. (ECF No. 135 at 15.)

The Constitution of the United States gives Congress the power to

create inferior federal courts and determine their jurisdiction, U.S. CONST.

art. III, § 1, and Congress has done so. A court's power to adjudicate a

federal criminal prosecution comes from 18 U.S.C. § 3231, which gives

federal courts original jurisdiction over "all offenses against the laws of the

United States." *See* 18 U.S.C. § 3231.

Petitioner was convicted of violating 18 U.S.C. § 1201, a law of the

United States. Petitioner fails to establish this Court lacked jurisdiction.

As to venue, the Sixth Amendment further guarantees the right to be tried in the district in which the offense was committed. U.S. CONST. AMEND. VI (expanding on the guarantee in U.S. CONST. art. II, § 2, cl. 3, which provides that criminal trials be held in the state where the alleged crime took place). The Federal Rules of Criminal Procedure preserve this substantial constitutional right, by providing that "(e)xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed." FED. R. CRIM. P. 18.

The criminal activity giving rise to Petitioner's conviction commenced in Gainesville, Florida, in the Northern District of Florida. Petitioner was convicted in the United States District Court for the Northern District of Florida. Accordingly, jurisdiction and venue are proper. Ground Twelve is without merit.[2]

---

[2] In a separate ground, Petitioner asserts her conviction was obtained from a district court "which is an inferior court and not the proper venue/court for the parties involved." (ECF No. 135 at 16.) Because this ground is duplicative of Ground Twelve, the Court will not address it as a separate ground for relief.

Case Nos.: 1:15cr028/MW/GRJ; 1:17cv130/MW/GRJ

### O. Ground Thirteen

In Ground Thirteen, Petitioner asserts her conviction was obtained by "wrongful adjudication" because the district court did not have the constitutional authority to adjudicate her case. For the reasons discussed in the previous section, this claim has no merit.

### P. Ground Fourteen

Petitioner's Ground Fourteen claims her guilty plea and conviction required her to waive certain inalienable rights in violation of her spiritual and religious beliefs, which Petitioner asserts are protected by the First and Ninth Amendments.

The Free Exercise Clause of the First Amendment, applicable to the States through the Due Process Clause of the Fourteenth Amendment, prevents the government from discriminating against the exercise of religious beliefs or conduct motivated by religious beliefs. *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1253 (11th Cir. 2012). Here, however, Petitioner fails to explain what her spiritual and religious beliefs are and why waiving her rights attendant to the plea bargain agreement violated her constitutionally protected right to exercise those

beliefs. Moreover, it is beyond dispute that a defendant may waive certain constitutional rights if such a waiver is done freely, knowingly, and voluntarily. Accordingly, Ground Fourteen is procedurally barred and meritless.

### Q. Ground Fifteen

In Ground Fifteen, Petitioner asserts her conviction was obtained "by a corporate fiction" because the federal government is a corporation and lacks standing to sue Petitioner in federal court pursuant to 28 U.S.C. § 3002.

Section 3002(15) applies to federal civil debt collection proceedings and has no bearing on the authority of the United States to punish a defendant for violating federal law. The United States is a sovereign government—not a corporation—and has authority to charge an individual for violating the laws of the United States. *See Abbate v. United States*, 359 U.S. 187, 193-96 (1959). Ground Fifteen is meritless.

### R. Ground Sixteen

In Ground Sixteen, Petitioner asserts she is being held in violation of the Constitution, however, she does not set forth facts demonstrating a

constitutional violation. Ground Sixteen is meritless.

### S. Ground Seventeen

In Ground Seventeen, Petitioner asserts that the denial of her second or successive habeas corpus petition violated her constitutional rights. The instant Motion is Petitioner's first request for federal habeas corpus relief from this conviction, and nothing in the record evidences that Petitioner sought permission to file a second or successive petition. Accordingly, Ground Seventeen is meritless.

### T. Ground Eighteen

In her final ground for relief, Petitioner asserts 18 U.S.C. § 1201 is unconstitutionally vague.

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). Petitioner provides no argument as to what specific portion of the statute is void for vagueness and why it fails to provide adequate notice that the conduct contemplated is forbidden by law.

Petitioner's Ground Eighteen is without merit.

### U. Evidentiary Hearing

To warrant an evidentiary hearing, a defendant must allege facts that, if true, would prove she is entitled to relief. Petitioner has failed to do so here. Accordingly, her request for an evidentiary hearing is denied.

## III. CONCLUSION

For all of the foregoing reasons, the Court concludes that Petitioner has not shown that she is entitled to Section 2255 relief. Nor has she shown that an evidentiary hearing is warranted. Therefore, Petitioner's motion should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

Case Nos.: 1:15cr028/MW/GRJ; 1:17cv130/MW/GRJ

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.     The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 135) should be **DENIED**.

2.     A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 2nd day of July, 2018.


*/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

Case Nos.: 1:15cr028/MW/GRJ; 1:17cv130/MW/GRJ

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.